THOMPSON RECRUITMENT ADVERTISING, INC., a California corporation, Plaintiff,

v.

Mark WEDES and Williams Advertising and Public Relations, Inc., a Michigan corporation, d/b/a Williams Advertising Company, Defendants.

Civ. A. No. 86–74323.

United States District Court, E.D. Michigan, S.D.

Nov. 6, 1986.

Patrick C. Cauley, Bodman, Longley & Dahling, Detroit, Mich., for plaintiff.

Jay N. Siefman, Simon, Deitch, Tucker and Friedman, Southfield, Mich., for defendants.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Thompson Recruitment Advertising, Inc. ("Thompson") seeks enforcement against its former employee, Mark Wedes ("Wedes"), of an agreement limiting competition. This opinion supplements my October 21, 1986 bench ruling, and my October 23, 1986 order granting injunctive relief. I have jurisdiction pursuant to 28 U.S.C. § 1332.

Wedes worked for Thompson in Detroit from October 30, 1978 through July 21, 1986. On April 24, 1984, two months after a promotion to Account Executive-Sales Manager, Wedes signed an employment contract providing:

> For a period of one year after the termination of your [Wedes'] employment, you agree not to directly or indirectly solicit or accept, on your own or for any firm competitive with TRA [Thompson], the business of any TRA client who was a client of TRA's Detroit office at any time during the last year of your employment by us and, in addition, the business of any potential client who, as a new business prospect, had any business dealings or negotiations, in which you participated, with TRA's Detroit office during the same time period.

Shortly after leaving Thompson, Wedes joined Williams Advertising Company, Thompson's competitor, and breached his agreement. The only issue is whether Michigan law permits enforcement of the agreement.

 At common law, agreements limiting competition are enforceable, provided they are reasonable.[1] See I. Alterman, *Trade Regulation in Michigan: Covenants Not To Compete*, 23 Wayne L.Rev. 275 (1977). Michigan adopted this rule, effective March 29, 1985, by repealing a 1905 statute providing:

> All agreements and contracts by which any person, co-partnership or corporation

1. Wedes' agreement is reasonable. It does not require Wedes to stay out of the advertising business for even a limited time or in even a limited area. Rather, it restricts for one year the clients Wedes may solicit.

promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void.

Mich.Comp.Laws Annot. § 445.761 (West 1967), *repealed by* 445.787(c) (West Supp. 1986). The repealer includes a savings provision:

> The repeal ... shall not have the effect to release, relinquish or affect any crime, penalty, fine, forfeiture or liability committed or incurred under such repealed statute ... and such repealed statute ... shall remain in force for the purpose of instituting or sustaining any proper action or prosecution for the enforcement of any penalty, fine, forfeiture or liability.

Mich.Comp.Laws Annot. § 445.788 (West Supp.1986). Wedes claims this provision mandates application of the law in effect at the time he signed the employment contract.[2] Thompson claims the provision mandates application of the law in effect at the time it commenced suit to enforce the contract.

I disagree with both and hold that the savings provision mandates application of the law in effect at the time Thompson's cause of action accrued. This construction, unlike Wedes', limits the savings provision to "any crime, penalty, fine, forfeiture or liability committed or incurred under such repealed statute." Unlike Thompson's construction, it establishes a standard beyond easy manipulation.

Thompson's action accrued after Wedes left its employ on July 21, 1986.[3] Accordingly, Michigan's new rule applies and Wedes' agreement is enforceable.

2. Thompson concedes the agreement was unenforceable when made.

3. Wedes argues that a cause of action for judgment declaring the agreement void accrued to him the day he made the agreement. Even if such an action exists, it could not have accrued

before Wedes precipitated an actual controversy by deciding to breach the agreement. This occurred no earlier than July 1, 1986, when Wedes first contacted Thompson's competitor for employment.